# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60631
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

FREDERICK CHAMPION, JR.,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CR-156-1

Before OWEN, Chief Judge, and SOUTHWICK and WILLETT, Circuit Judges.
PER CURIAM:[*]

Frederick Champion, Jr., challenges the 24-month sentence of imprisonment imposed following the revocation of supervised release for his 2008 conviction for possession of a firearm by a felon. Champion contends that his revocation sentence, which exceeded the range provided in the policy statements of the Sentencing Guidelines, is both procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60631

Revocation sentences generally are reviewed under 18 U.S.C. § 3742(a)'s "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Because Champion failed to object on the specific procedural reasonableness grounds he asserts on appeal, we review those arguments for plain error. *See United States v. Dunigan*, 555 F.3d 501, 506 (5th Cir. 2009). Under a plain error standard, Champion must show a forfeited error that is clear or obvious and that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We have discretion to correct such an error but will do so only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (brackets and citation omitted).

Champion argues that the district court procedurally erred by failing to explain its reasons for imposing a sentence above the advisory range. Although a district court commits clear error when it fails to state reasons for imposing a revocation sentence outside the advisory range, because the record shows that the district court heard and explicitly adopted the probation officer's recommendations and reasons, we conclude that the district court provided sufficient reasons to allow for appellate review and, thus, Champion has not shown that any error affected his substantial rights. *See United States v. Whitelaw*, 580 F.3d 256, 261-264 (5th Cir. 2009). In addition, as there is no indication that a more detailed explanation would have resulted in a shorter sentence or that any improper sentencing factors were considered, Champion has not shown that any error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.* at 264-65.

Champion also argues that his 24-month revocation sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for "an abuse of discretion, examining the totality of the circumstances." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

No. 19-60631

Although Champion's 24-month sentence exceeds the policy statement range of 8 to 14 months, it is within the statutory maximum of 24 months. "We have routinely affirmed revocation sentences exceeding the advisory range, even where the sentence equals the statutory maximum." *Id.* (quoting *United States v. Casey*, F. App'x 199, 200 (5th Cir. 2009)). Champion has not shown that the district court failed to account for a factor that should have received significant weight, gave significant weight to any irrelevant or improper factors, or clearly erred in balancing the sentencing factors. *See id.* Accordingly, Champion has not established that his sentence is substantively unreasonable.

The judgment is AFFIRMED.